UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

09-31544

IN RE: Earnest & Cynthia Boardwyne                    CASE # 09-

Debtor(s)                                              CHAPTER 13

## CHAPTER 13 PLAN

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The debtor (or debtor's employer) shall pay to the Chapter 13 Trustee the sum of $554.00 BI-WEEKLY, which approximates a payment of $1,200.00 per month, for 60 months. The Debtors shall pay to the Trustee the tax refunds for 5 years.

Total of base plan payments: $72,000.00

2. Plan Length: The term of the plan is for 60 months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   (a) Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   (b) Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

   (c) All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. **Administrative Expenses / Priority Claims**

      (1) Trustee's Fee: Applicable fee in District

      (2) Filing Fee (unpaid portion): $0.00

      (3) Priority Claims under 11 U.S.C. § 507 Domestic Support Obligations

      (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

      (b) The names(s) and address(es) of the holder of any domestic support obligation are as follows (11 U.S.C. §§ 101(14A) and 1302(b)(6)):

      (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).
      **Creditor (Name and Address)**                **Estimated arrearage claim**

      (d) Pursuant to 11 U.S.C. §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.
      **Claimant**                                   **Proposed Treatment**

      (4) Attorney's Fee (unpaid portion): $3,000.00 and $300.00 in Costs

   Pursuant to Standing Order of this Court, the Debtor's attorney may seek additional fees of $75.00 upon the filing of the required annual statement each year. If the Plan is modified due to an increase in income shown on the

IN RE: Earnest & Cynthia Boardwyne
CHAPTER 13 CASE #

09-31544

annual statement, the Debtor's attorney may seek additional fees of $200.00. In either of these events, no further notice will be given to creditors.

(5) Other Priority Claims

| Creditor Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| | | |

### b. Secured Claims

(1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claim Subject to Valuation Under 11 U.S.C. § 506. Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Interest Rate (If specified) |
|---|---|---|
| CHASE/CIRCUIT CITY/BEST BUY (ELECTRONICS) | $1826.00 | 4% |
| CITIFINANCIAL/ ROOMS TO GO (FURNITURE) | $3175.00 | 4% |
| HSBC/ BEST BUY (TV) | $1500.00 | 4% |

(b) Secured Claims Not Subject to Valuation under 11 U.S.C. § 506. Each of the following claims shall be paid through the plan as set forth below until the amount of the claims as set forth below has been paid in full.

| Name | Amount of Allowed Secured Claim | Interest Rate (If specified) |
|---|---|---|
| | | |

(2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| | | | |

### c. Unsecured Claims

General Nonpriority Unsecured:
Unsecured debts shall be paid approximately $59,000.00 paid pro rata.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Name | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| | | |

6. The Debtor shall make regular payments directly to the following creditors:

| Creditor | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| BANK OF AMERICA (HOME) | $131,040.00 | CONTRACT RATE | CONTRACT RATE |
| PEN AIR CREDIT UNION (2001 TOYOTA SIENNA) | $9,245.00 | CONTRACT RATE | CONTRACT RATE |
| PEN AIR CREDIT UNION (2005 TOYOTA SCION) | $11,230.00 | CONTRACT RATE | CONTRACT RATE |

IN RE: Earnest & Cynthia Boardwyne
CHAPTER 13 CASE #

09-31544

7. The following executory contracts of the debtor are rejected:
    **Other Party**                                      **Description of Contract or Lease**

8. Property to Be Surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim within 90 days of the plan being confirmed:
    **Name**                                **Amount of Claim**        **Description of Property**

9. Title to the Debtor's property shall revest in Debtor on confirmation of a plan.

10. As used herein, the term "Debtor" shall include both debtors in a joint case.

11. Non-Standard Provisions (all non-standard provisions must be inserted in this paragraph).

12. Other Provisions:

    403(B) Loan to be paid direct.

    Unsecured claims shall be paid interest to the extent available, if any, not to exceed 6%.

    The provisions of paragraph 3 are not intended to modify the rights of the holders of any mortgages on any real property owned by Debtor. The terms of all notes and mortgages on Debtor's real property shall remain in full force and effect.

    **PAYMENT OF THE FOREGOING ARREARAGES UNDER THIS PLAN SHALL CONCLUSIVELY CONSTITUTE PAYMENT OF ALL PRE-PETITION ARREARAGES.**

    Pursuant to 11 U.S.C. § 521(f)(4)(B) and Standing Order of this Court, the required annual statement as described shall be filed.

DATED: 2-24-09

_____
Debtor's Signature

_____
Joint Debtor's Signature

_____
Attorney for Debtor(s)

Mail Claims and Objections to Plan (with copy to Lewis & Jumovoy, P.A., 1100 North Palafox Street, Pensacola, FL 32501) to U.S. Bankruptcy Court, 220 West Garden Street, 7th Floor, Pensacola, FL 32502